# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2810-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SILVER IQUCHUKWU,

    Defendant-Appellant.

_____

Submitted January 26, 2026 – Decided February 10, 2026

Before Judges Sabatino and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 18-04-0282.

Jennifer N. Sellitti, Public Defender, attorney for defendant (Frank J. Pugliese, Designated Counsel, on the brief).

Wayne Mello, Acting Hudson County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief; Pablo Velastegui, Law Clerk, on the brief).

PER CURIAM

Defendant Silver Iquchukwu appeals the trial court's February 16, 2024 order denying his petition for postconviction relief ("PCR") stemming from his 2019 conviction by a jury of aggravated sexual assault. We affirm.

We incorporate by reference the facts and procedural history recited in our February 2022 opinion on direct appeal upholding defendant's conviction and sentence. State v. Iquchukwu, No. A-1050-19 (App. Div. Feb. 14, 2022). Briefly stated, defendant was found guilty of first-degree aggravated sexual assault on a helpless or incapacitated victim, N.J.S.A. 2C:14-2(a)(7), after sexually assaulting an intoxicated woman he encountered on a Jersey City street on the evening of October 28, 2017. He was sentenced to a fifteen-year custodial term, subject to parole ineligibility period mandated by the No Early Release Act, N.J.S.A. 2C:43-7.2.

During his trial, surveillance footage of defendant committing the sexual violence at a tattoo parlor was played for the jury, along with a recorded interview with a detective in which defendant admitted to digitally penetrating the victim while she was incapacitated. On direct appeal, defendant argued the

2

interview was inadmissible as a custodial interrogation under <u>Miranda</u>[1] principles, alleging he had not voluntarily waived his rights. We rejected that argument, as well as defendant's claim his sentence was excessive. <u>Iquchukwu</u>, slip op. at 33. The Supreme Court denied certification. 252 N.J. 28 (2022)

Defendant currently appeals the denial of his PCR petition that concerns that same interview. In particular, defendant focuses upon the detective's comments in which he claimed to know defendant was guilty and claimed he had incriminating evidence against defendant which, at the time, he did not. Although defendant's trial counsel did not object to the detective's comments when the interview recording was played for the jury, counsel did request a curative instruction from the trial judge after the playback of the recording concluded. Shortly after, the judge instructed the jury to note that the detective's assertions of fact were not to be considered as truth, and that the jury may only look to the facts that were proven by the witnesses and exhibits. She repeated this instruction in the final charge to the jury.

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966)

A-2810-23

In his PCR petition, defendant argued that he received ineffective assistance of counsel because his trial counsel failed to object to the detective's comments before they were heard by the jury. He asserted the curative instruction given was inadequate because the judge did not tell the jury to "disregard" the comments and, therefore, he was prejudiced by the jury hearing these assertions of defendant's guilt.

The PCR judge, who was the same judge who had presided over the trial, denied defendant's petition, essentially for three reasons: (1) the curative instruction was adequate; (2) trial counsel did not render ineffective assistance because he manifestly wanted the jury to hear the detective's comments as part of his trial strategy; and (3) even if trial counsel had been ineffective, defendant was not prejudiced by the alleged error because of the overwhelming amount of evidence against him. The judge discerned no need for an evidentiary hearing.

Before us, defendant presents the following arguments for our consideration:

> POINT I
>
> TRIAL COUNSEL'S UNTIMELY OBJECTION TO THE INTRODUCTION OF UNDULY PREJUDICIAL TESTIMONY INCLUDING LAY OPINION TESTIMONY CONCERNING THE ULTIMATE ISSUE OF DEFENDANT'S GUILT OR INNOCENCE SERVED TO DEPRIVE DEFENDANT OF HIS

4

RIGHT TO A FAIR TRIAL AND TO THE EFFECTIVE ASSISTANCE OF COUNSEL. THE TRIAL COURT'S CURATIVE INSTRUCTION WAS INSUFFICIENT TO REMOVE THE UNDUE PREJUDICE. CONSEQUENTLY, DEFENDANT SHOULD HAVE BEEN GRANTED POST-CONVICTION RELIEF (PCR). ALTERNATIVELY, A REMAND FOR AN EVIDENTIARY HEARING IS WARRANTED. U. S. CONST. AMENDS. VI, XIV; N. J. CONST. ART. I, PAR. 10; R. 3:22-10B.

A.   TRIAL COUNSEL FAILED TO OBJECT TIMELY TO THE INADMISSIBLE COMMENTS AND OPINIONS MADE BY THE DETECTIVE DURING DEFENDANT'S INTERROGATION.

B.   ALTERNATIVELY, THE MATTER SHOULD BE REMANDED FOR THE PCR COURT TO RECONSIDER AND ASSESS WHETHER TRIAL COUNSEL'S FAILURE TO RAISE THE VIOLATION OF N.J.R.E. 701 IN CONJUNCTION WITH THE VIOLATION OF N.J.R.E. 403 WARRANTS AN EVIDENTIARY HEARING.

Having considered these arguments in light of the record and the applicable law, we affirm the PCR denial, substantially for the sound reasons expressed in Judge Mitzy Galis-Menendez's fourteen-page written opinion. We add only a few succinct comments.

To establish a deprivation of the Sixth Amendment right to the effective assistance of trial counsel, a convicted defendant is required to satisfy the two-

part test enunciated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 690 (1984), demonstrating that: (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the accused's defense. Id. at 687; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey). In reviewing such ineffective assistance claims, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[C]omplaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy . . ." Fritz, 105 N.J.at 54 (citation omitted); see also State v. Echols, 199 N.J. 344, 357-59 (2009).

Here, we concur with the trial court's determination that defendant has not presented a prima facie claim of ineffective assistance arising from the presentation of the interview recording, in its entirety, to the jury. We additionally deem unavailing his argument that the court's curative instruction regarding the recording was ineffective. As the judge aptly noted, "[t]he simple fact that the jury heard the [detective's] prejudicial statement prior to an instruction by the court or objection by trial counsel does not [establish] ineffective assistance of counsel, nor does it immediately taint the minds of the

jurors." We agree with the trial court that the curative instruction was sufficiently prompt and specific. State v. Herbert, 457 N.J. Super. 490, 509-11 (App. Div. 2019). Its phrasing was clearly adequate. The instruction was appropriately repeated in the final jury charge.

In addition, trial counsel emphasized the impropriety of the detective's comments three times in his summation. It is evident that trial counsel attempted to use the detective's impropriety to his tactical advantage by arguing that the detective's assertions of defendant's guilt pressured him into making unreliable admissions of wrongdoing. The fact that the strategy did not succeed in securing defendant a more favorable verdict is insufficient to prove actual prejudice under the second prong of Strickland. 466 U.S. at 687.

Indeed, as the judge recognized, it is patent that the evidence of defendant's guilt, as substantiated on the surveillance video of the attack and his own admissions of guilt, which would be admissible even if trial counsel had objected to the detective's remarks, were overwhelming. There was no need for an evidentiary PCR hearing. State v. Preciose, 129 N.J. 451, 462 (1992).

To the extent defendant raises other arguments, they lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

7    A-2810-23